UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| JOHN DOES I-IV, on their own behalf and | ) | |
| on behalf of a class of those similarly | ) | |
| situated, | ) | |
|        Plaintiffs, | ) | |
| | ) | 1:06-cv-865-RLY-WTL |
|    vs. | ) | |
| | ) | |
| CITY OF INDIANAPOLIS, INDIANA; | ) | |
| MARION COUNTY SHERIFF, | ) | |
|       Defendants. | ) | |

**ENTRY ON PLAINTIFFS' AMENDED[1] MOTION TO PROCEED BY
ANONYMOUS NAMES AND AMENDED MOTION TO SEAL DOCUMENTS
CONTAINING ACTUAL NAMES and  DEFENDANTS' MOTION TO DISMISS
COMPLAINT AND ALL PENDING MOTIONS**

**I.     Introduction**

John Does I-IV, on their own behalf and on behalf of a class of those similarly

situated (collectively "Plaintiffs"), are anonymous sex offenders who are challenging a

new amendment to a Marion County ordinance which prevents them from going within

1000 feet of certain specified areas, including public playgrounds, pools, sports fields and

sport facilities, unless they are accompanied by someone who is not a sex offender.

Plaintiffs seek permission from the court to proceed in this action by the anonymous

---

[1] On July 25, 2006, Plaintiffs filed their Amended Complaint to remove former plaintiffs
John Doe V and John Doe VI as parties to this cause.  On that same date, Plaintiffs filed the
instant motion to renew their prior requests to proceed by anonymous names and to seal
affidavits made by John Doe I, John Doe II, John Doe III, and John Doe IV.

1

names of John Doe I-IV.  Defendants, the City of Indianapolis, Indiana ("the City"), and

the Marion County Sheriff ("Sheriff") (collectively "Defendants"), object and move to

dismiss Plaintiffs' Complaint and all pending motions.  The court, having read and

reviewed the parties' motions and the applicable law, now finds Plaintiffs' amended

motion should be **GRANTED**, and Defendants' motion should be **DENIED**.

## II.    Discussion

Defendants argue that Plaintiffs, by proceeding anonymously, have violated Rules

10(a) and 17(a) of the Federal Rules of Civil Procedure, and that therefore, they have

failed to state a claim upon which relief can be granted.  Rule 10(a) provides that the title

of the action in the complaint must "include the names of all the parties . . .".  Rule 17

requires that all civil actions be prosecuted in the name of the real party in interest.

> These requirements are not a matter of mere administrative convenience for
> court staff and counsel.  They also protect the public's legitimate interest in
> knowing which disputes involving which parties are before the federal
> courts that are supported with tax payments and that exist ultimately to
> serve the American public.

*Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 139 (S.D. Ind. 1996).

Notwithstanding the strong presumption in favor of open proceedings in which all

parties are identified, federal district courts have the ability, under the appropriate

circumstances, to allow Plaintiffs to proceed by anonymous name.  *Id.*  The Seventh

Circuit has noted that anonymous name status may be granted where the plaintiff is a

minor, rape or torture victim, a closeted homosexual, or "so far as appears – a likely

target of retaliation by people who would learn her identity only from a judicial opinion

2

or other court filing." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). These factors are not exclusive. "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Id.*

The Seventh Circuit's formulation is not unique. Other courts have recognized that "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). In assessing this balance, the six-factor test utilized in *EW v. New York Blood Center*, 213 F.R.D. 108, 111(E.D.N.Y. 2003) is helpful:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Id.* (internal citations omitted). The factors relevant to the court's analysis are (1), (4), (5), and (6).

Turning now to the first factor, Plaintiffs are challenging actions of the government, the City of Indianapolis, and the newly amended ordinance. As a general proposition,

> where a plaintiff attacks governmental activity, for example a governmental

policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong. *See, e.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147.  In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.

*Id*.

Turning to the fourth factor, Plaintiffs submitted affidavits attesting to their fear of physical harm to them and their children if their actual names are disclosed.  *See* John Doe I Verified Motion ¶¶ 5-6; John Doe IV Verified Motion ¶¶ 11-12.  In addition, all of the Plaintiffs are aware of the fact that persons identified as sex offenders have been subject to violence.  *See* Plaintiffs' Attachment 1, MSNBC.com, *Police Investigate Sex Offender Slaying* (4/17/06), http://www.msnbc.com/id/12345678; MSNBC.com, *Man Turns Self In After 2 Child Molesters Killed* (9/6/05), http://msnbc.com/id/9227684; The Boston Globe, *Man Defends Attacks on Sex Offenders* (12/5/04), http://www.boston.com /news/local /articles/2004.

Defendants point out that Plaintiffs' crimes and convictions are matters of public record and their identities can be found on Indiana's sex offender registry.  However, Plaintiffs are not challenging the sex offender registry.  Rather, they are challenging the City's ordinance.  Thus, "the real issue is whether [Plaintiffs] reasonably fear[] retaliation based upon [their] challenge of [the ordinance]."  *See Doe v. Tandeske*, 2003 WL 24085314 (D. Alaska 2003).  Given the amount of media attention devoted to this case

4

thus far, *see* Plaintiffs' Attachment 2, as well as the public's attitude toward sex offenders in general, Plaintiffs' fears that they and their families could be subject to physical harm as a result of participating in this lawsuit are legitimate.

With regard to the fifth factor, in the event the court grants Plaintiffs' motion, Plaintiffs fully intend to disclose their identities to both this court and Defendants. Plaintiffs request, understandably, that Defendants be precluded from disclosing their names publicly. Thus, Defendants will not be prejudiced by allowing Plaintiffs to proceed by anonymous names.

Finally, there is not a strong public interest in disclosing Plaintiffs' actual names. The issues before the court are purely legal in nature, and do not involve contested facts. *Doe v. Provident Life and Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("[B]ecause of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities.").

In addition, Plaintiffs brought this action as a class action. They therefore represent not only themselves, but the thousands of sex offenders subject to the ordinance. The public interest is not in being able to identify any one Plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved. As the court noted in *Provident Life and Accident Ins. Co.*, 176 F.R.D. at 468, "Doe's use of a pseudonym will not interfere with the public's right or ability to follow the proceedings. Indeed, this court intends to keep the proceeding open to the public while still maintaining the confidentiality of plaintiff's identity."

**III.     Conclusion**

The court finds that Plaintiffs' need for anonymity outweighs any prejudice to Defendants and the public's interest in knowing their identity. Therefore, Plaintiffs' Amended Motion to Proceed by Anonymous Names and Amended Motion to Seal Documents Containing Actual Names (Docket # 41) is **GRANTED**, and Defendants' Motion to Dismiss Complaint and All Pending Motions must be **DENIED** (Docket # 18).

IT IS THEREFORE ORDERED that Plaintiffs may proceed in this action with the anonymous names of John Doe I, John Doe II, John Doe III, John Doe IV, and,

IT IS FURTHER ORDERED that Plaintiffs' counsel shall immediately file, under seal, the verified motions of Plaintiffs containing their actual names, and,

IT IS FURTHER ORDERED that the verified motions and all other documents containing Plaintiffs' actual names are now SEALED and shall not be opened without prior order of this court, and,

IT IS FURTHER ORDERED that Plaintiffs' counsel shall transmit to Defendants' counsel copies of the verified motions with Plaintiffs' actual names and,

IT IS FURTHER ORDERED that Defendants' shall not publicly disclose Plaintiffs' actual names and shall disclose Plaintiffs' names only as is necessary for the defense of this litigation.

**SO ORDERED** this _7th_ day of August 2006.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
amallon@indygov.org

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org

Jacquelyn Bowie Suess
ACLU OF INDIANA
jsuess@aclu-in.org