UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOES I-IV, on their own behalf and on behalf of a class of those similarly situated, )<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CITY OF INDIANAPOLIS, INDIANA; )<br>MARION COUNTY SHERIFF, )<br>Defendants. ) | 1:06-cv-865-RLY-WTL |

**ENTRY ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION and AMENDED MOTION FOR CLASS CERTIFICATION**

**I.     Introduction**

This action is brought by Marion County residents who have committed sex offenses that currently, or will shortly, bring them within the prohibitions and restrictions imposed in the newly amended Section 631-106 of the Revised Code of the Consolidated City and County, and who allege that the amended ordinance violates both various aspects of the due process clause as well as rights secured by the First Amendment. Plaintiffs are requesting that this case be certified as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class is defined as:

> All persons who currently, or will in the future, live in, work in, or visit Marion County, and who are, or will be, persons within the category of sex offenders specified in Section 631-106(a) of Chapter 631 of the Revised Code of the Consolidated City and County.

The sub-class,[1] represented by John Doe II, is defined as:

> All members of the class who will vote and whose voting places are within 1000 feet of the areas specified in Section 631-106(a) of Chapter 631 of the Revised Code of the Consolidated City and County.

The court, having read and reviewed the materials submitted by the parties, as well as the applicable law, now finds that certification of the class and sub-class is appropriate.

## II.     Standard for Class Certification

Class action suits are governed by Federal Rule of Civil Procedure 23. A party seeking class certification bears the burden of establishing that certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Rule 23 prescribes a two-step analysis to determine whether class certification is appropriate. First, a plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). These elements are a prerequisite to certification, and failure to meet any one of them precludes certification of a class. *Retired Chicago Police Ass'n*, 7 F.3d at 596. Second, the action must also satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977

---

[1] On July 25, 2006, Plaintiffs filed an Amended Complaint to remove former plaintiffs John Doe V and John Doe VI as parties to this cause, and to add a sub-class represented by John Doe II. On that same date, Plaintiffs filed an Amended Motion for Class Certification reflecting these changes. The Amended Complaint and Amended Motion for Class Certification were filed after Defendants filed their Response to Plaintiffs' Motion for Class Certification. Thus, Defendants' Response does not address certification of the sub-class. However, Defendants did not file any additional papers objecting to the sub-class. Accordingly, the court presumes Defendants have no objection to the same.

(7th Cir. 1977). As noted above, Plaintiffs seek certification under Rule 23(b)(2), which requires a showing that the party opposing the class has acted or refused to act on grounds generally applicable to the class.

Class certification is a procedural issue. While the court may not conduct a preliminary inquiry into the merits of the underlying claims, *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177 (1974), the court may look beyond the pleadings to determine whether the requirements of Rule 23 are met. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001) ("[N]othing in . . . Rule 23, or in the opinion in *Eisen*, prevents the district court from looking beneath the surface of a complaint to conduct the inquiries identified in that rule and exercise the discretion it confers.").

**III.    Discussion**

Defendants, the City of Indianapolis and the Marion County Sheriff, challenge Plaintiffs' motion on grounds that: (1) the proposed class is overinclusive; (2) Plaintiffs have not shown that joinder is impracticable; and (3) common questions of fact and law do not predominate.

**A.    Breadth of the Class**

A class must not be defined so broadly that it includes persons who have not suffered injury, for "the description must not be so broad as to include individuals who are without standing to maintain the action on their own behalf." *Oshana v. The Coca Cola Co.*, 225 F.R.D. 575, 580 (N.D.Ill. 2005) (internal citation and quotation omitted).

Defendants contend the Plaintiffs' proposed class is overbroad because it is not

3

applicable to all purported class members. "The new ordinance only affects those putative class members who, for some constitutionally protected purpose, need to go within 1000 feet of the specified children's facilities while children are present when they are unaccompanied by an exempt adult." (Defendants' Response at 5).

Every person convicted of the offenses noted in the ordinance provisions has standing to challenge the constitutionality of the ordinance. All of these persons are prohibited from entering the specified areas, without being accompanied, and whether they want to enter the areas or not, they will have to move through Indianapolis cognizant of the ordinance and will have to take extraordinary steps to insure that they do not come within the 1000 foot barrier. Thus, all persons convicted of the offenses noted in the ordinance are being denied the right to intrastate movement. And the very existence of the challenged provisions represents *ex post facto* punishment and/or double jeopardy in violation of the Constitution.

The challenged portions of the ordinance will affect all members of the putative class. The class is properly defined and is not overly broad.

### B.     Numerosity

Federal Rule of Civil Procedure 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable."

The parties have stipulated that there are approximately 1,662 persons in Marion County who are required to register as sex offenders pursuant to Indiana law. Plaintiffs offer further evidence that of these 1,662 sex offenders, approximately 58% of these sex

offenders have committed offenses that subject them to the ordinance and make them members of the class. This totals more than 963 persons.

In addition, there are an unknown number of persons who will fall into these categories in the future. "[C]lass actions challenging statutes or administrative procedures on constitutional grounds, have been recognized as natural class actions, and inclusion in the class of potentially aggrieved individuals has often been regarded as sufficient to meet the Rule 23(a)(1) impracticability requirement." 1 *Newberg on Class Actions* § 3.07, 36-37 (3rd ed).

Defendants do not dispute that, as defined, the class is so numerous that joinder of all members is impracticable. Rather, they argue:

> [T]he new ordinance's restrictions would only affect the sub-group of Marion County offenders who actually [pass within 1000 feet of a public playground, recreation center, bathing beach, swimming or wading pool, sports field or facility]. Plaintiffs have not demonstrated that joining this sub-group of sex offenders is impracticable. . ."

(Defendants' Response at 6). However, as currently defined, all members of the class and sub-class are affected by the challenged ordinance provisions. All of them are denied entry into the proscribed areas, unless they are accompanied by an adult. The term "accompanied" is a vague and uncertain term. All of the members of the class action must be constantly aware of their surroundings so as not to be within 1000 feet of a public playground, pool, recreation center, or swimming or wading pool. This, in turn, impinges on their right to free movement and the right to be free of additional punishment. The class is properly defined and, as defined, it is so numerous that joinder of all members is

5

impracticable.

### C. Common Question of Law or Fact

Rule 23(a)(2) requires that there be questions of law or fact common to the class. "Not all factual or legal questions raised in the lawsuit need to be common so long as a single issue is common to all class members." *Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986). Thus for purposes of determining the commonality issue, "a class action will not be defeated solely because of some factual variations among class members' grievances." *Patterson v. General Motors Corp.*, 631 F.2d 476 (7th Cir. 1980), *cert. denied*, 101 S.Ct. 1988 (1981).

Defendants argue that there is no question of law or fact common to the class because the way that each class member is burdened by the unconstitutional provisions of the ordinance differs. Defendants argue that since there is "a different protracted scenario in which each putative class member might be unconstitutionally affected by the new ordinance," commonality is not met. (Defendants' Response at 4). Defendants argue that those who are cited for violating the challenged provisions will raise "individual questions regarding the circumstances surrounding that event, its legality and the resulting damages, if any. These individual factual questions will predominate over any similarity among the legal theories possibly asserted by a member of such a broad class as Plaintiffs have proposed." (*Id*.). Defendants misapprehend the commonality requirement.

As noted above, the factual circumstances affecting the putative class members is not dispositive. The legal issue uniting all class members is whether the challenged

ordinance is constitutional.  Under current case law, that is all that is required.

> There is an assumption of commonality where plaintiffs seek certification of an injunctive class under Rule 23(b)(2) to right alleged constitutional wrongs.  *See Marisol A. ex rel. Giuliani*, 929 F.Supp. 662, 690 (S.D.N.Y. 1966) ("*Marisol I*"), *aff'd*, 126 F.3d 372 (2d Cir. 1997); *see also Baby Neal v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994) ("(b)(2) classes have been certified in a legion of civil rights cases where commonality findings were based primarily on the fact that defendant's conduct is central to the claims of all class members irrespective of their individual circumstances and the disparate effects of the conduct."); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1763, at 201 (1986) ("[I]njunctive actions by their very nature often present common questions satisfying Rule 23(a)(2)").

*Nicholson v. Williams*, 205 F.R.D. 92, 98 (E.D.N.Y. 2001).

Because the question of the constitutionality of the challenged ordinance provisions is common to the putative class, the court finds the commonality requirement is met.

**IV.   Conclusion**

For the reasons specified above, the court **GRANTS** Plaintiffs' Motion for Class Certification (Docket # 11) and Plaintiffs' Amended Motion for Class Certification (Docket # 38).

**SO ORDERED** this  20th   day of November 2006.

                                                 RICHARD L. YOUNG, JUDGE
                                                 United States District Court
                                                 Southern District of Indiana

Electronic Copies to:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
amallon@indygov.org

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org

Jacquelyn Bowie Suess
ACLU OF INDIANA
jsuess@aclu-in.org