UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOES I-IV, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06-CV-0865 RLY-WTL |
| ) | |
| CITY OF INDIANAPOLIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER APPROVING STIPULATION TO SETTLE AND FINAL JUDGMENT**

This cause comes before the Court on the parties' Stipulation to Settle All Issues Following Notice to the Class. On June 21, 2007, the Court held a fairness hearing to determine whether the settlement is fair and reasonable. Both parties appeared by counsel at the hearing.

Having considered the Stipulation, the arguments of counsel at the fairness hearing, and Court's prior proceedings and record in this matter,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this cause and over all of the parties, including the class members.

2. The class has been given proper and adequate notice of the terms of this settlement. It is not completely certain that the notice was posted in the City County Building as noted in the Stipulation to Settle. However, published notice was made and the Court finds that given that the relief in this case is the relief requested in the litigation – the injunction Section 631-106(a) of the Revised Code of the Consolidated City and County – and therefore the notice is deemed sufficient and adequate.

3. The notice invited class members to notify class counsel of any objections or comments on the proposed dismissal. The notice provided valid and sufficient notice of these proceedings and the matters set forth herein and including information regarding the procedures for making any objections to the dismissal.

4. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

5. The proposed resolution in this case is fair, reasonable and adequate for the following reasons:

    A. The strength of the plaintiffs' case was strong as evidence by the preliminary injunction granted by this Court.

    B. The complexity, length and expense of continued litigation weigh in favor of approving the Stipulation. Given the likelihood of plaintiffs' success on the merits and defendant's agreement to permanently enjoin the challenged ordinance, further cost and delay in litigating this claim would not be in the best interest of the parties.

    C. All parties have agreed to the Stipulation, and there is no indication that any member of the putative class has objected to the proposed dismissal. Moreover, there is an overriding public interest in settling and quieting this litigation.

    D. There is no evidence of any collusion between the parties in agreeing to settlement of this action. In fact, the settlement affords to plaintiffs and the class the precise relief that they asked for in the litigation – the permanent injunction of the challenged ordinance. The Court is

satisfied that the Stipulation to Settle is the product of arms-length negotiation.

E.   The opinion of class counsel that this case should be dismissed weights in favor of dismissing the case. Counsel is experienced in class action litigation and believes that the dismissal is fair.

F.   The stage of the proceedings weighs in favor of approving the Stipulation to Settle. The case has been ongoing since May of 2006 and has resulted in a preliminary injunction that has enjoined the challenged ordinance. Given that the settlement provides for a permanent injunction further protracted delay in bringing this matter to a close is unwarranted.

For the foregoing reasons, the Court approves the Stipulation to Settle All Issues and hereby enters FINAL JUDGMENT approving the Stipulation to Settle and making it the FINAL ORDER of this Court, and therefore:

IT IS ADJUDGED AND DECREED that Section 631-106(a) of the Revised Code of the Consolidated City and County is hereby PERMANENTLY ENJOINED, and,

IT IS FURTHER ADJUDGED AND DECREED that plaintiffs shall be paid, forthwith, their reasonable attorneys' fees and costs of $40,000.

_____                                    _____
Date                                                                            udge, United States District Court

cc:

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org

3

James Osborn
Chief Litigation Counsel
Office of the Corporation Counsel
josborn@indygov.org